■ In the Matter of the Arbitration between AHARON BARZILAY, Respondent, and LEO SIEGMAN, Appellant.—Judgment of the Supreme Court, New York County (David B. Saxe, J.), entered on or about April 6, 1989, which confirmed an arbitration award and denied the motion to vacate the subject award, is unanimously affirmed, with costs and disbursements.

This controversy involves two separate transactions for the sale of diamonds. The negotiations for these deals took place on the premises of the Diamond Dealer Club, Inc. (DDC), an organization whose members are in the business of buying and selling precious gems. DDC is governed by extensive rules

regarding standards of behavior for members conducting business with other members. In that regard, the bylaws require that disputes between members be submitted to DDC's Arbitration Tribunal. The parties herein are members of DDC. Petitioner seller was represented by his broker, and respondent was represented by a third party. The first transaction occurred while the third party was present as respondent's guest, and the second took place after the third party had left New York. When the third party's postdated checks failed to clear, petitioner commenced an arbitration proceeding against respondent. Following a hearing, the arbitrator held respondent liable for the unpaid invoices for both transactions. When respondent thereafter failed to comply with the award, petitioner commenced this proceeding. Respondent then moved to vacate the award as irrational and not in conformity with DDC rules. However, the court confirmed the award, holding that respondent had failed to show either fraud or misconduct by the arbitrators. We agree.

An arbitration award may only be vacated upon a showing of fraud or misconduct by the arbitrators (CPLR 7511). An award will not be vacated for errors of fact or law committed by the arbitrators (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629). Further, "an arbitrator is not bound by principles of substantive law or by rules of evidence * * *. He may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be and making an award reflecting the spirit rather than the letter of agreement, even though the award exceeds the remedy requested by the parties" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308). Contrary to respondent's contention that the arbitrators exceeded the parameters of the parties' agreement to arbitrate, they had, as members of DDC, agreed to arbitrate all claims arising from the diamond-dealing business. Finally, we note that the evidence amply supported the award, and there was no showing of any partiality. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Rubin, JJ.